FILED
2017 Apr-13 PM 05:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

NOELLE WRIGHT and AUSTIN BANKS,

      Plaintiffs,

                                CASE NO:  2:17-cv-00216-SGC

v.

STARBUCKS CORPORATION,

      Defendant.

_____/

## AMENDED ANSWER TO COMPLAINT

Defendant Starbucks Corporation ("Defendant"), in answer to Plaintiffs' Noelle Wright and Austin Banks Complaint, admits, denies and alleges as follows:

## I.      INTRODUCTION

Answering the "Introduction" of the Complaint, Defendant denies each and every allegation.

## II.      JURISDICTION, PARTIES, AND ARTICLE III STANDING

1.      Answering Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

1

2.      Answering Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3.      Answering Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

4.      Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

5.      Answering Paragraph 5 of the Complaint, Defendant admits only that it operates the stores located at 345 S. Colonial Drive, Alabaster, Alabama 35007; 3032 John Hawkins Parkway, Birmingham, Alabama 35244; and 5180 Medford Road, Suite 108, Hoover, Alabama 35244.  Defendant denies that it operates and/or leases the facility located at 4889 Promenade Parkway, Bessemer, Alabama 35022.  As to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

6.      Answering Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.      Answering Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8.      Answering Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.      Answering Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10.     Answering Paragraph 10 of the Complaint, Defendant denies each and every allegation.

11.     Answering Paragraph 11 of the Complaint, Defendant denies each and every allegation.

### III.      PLAINTIFFS' CLAIMS

### ADA, Title III

12.     Answering Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.     Answering Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## COUNT ONE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
## 42 U.S.C. § 12182 (b)(2)(A)(iv)
### *(Architectural Barriers)*

## Defendant's Existing Facilities Are Subject to the 2010 ADA Design Standards for the Portions of the Facilities Addressed in This Complaint

14.     Answering Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15.     Answering Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16.     Answering Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

17.     Answering Paragraph 17 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**Plaintiffs' Concrete and Particularized Standing to Pursue an Injunction**

18.     Answering Paragraph 18 of the Complaint, Defendant denies each and every allegation.

19.     Answering Paragraph 19 of the Complaint, Defendant denies each and every allegation.

20.     Answering Paragraph 20 of the Complaint, Defendant denies each and every allegation.

**Architectural Barriers**

21.     Answering Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

22.     Answering Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23.     Answering Paragraph 23 of the Complaint, Defendant denies that it owns, operates and/or leases the facility located at 4889 Promenade Pkwy, Bessemer, Alabama.  In addition, Defendant denies all remaining allegations.

24.     Answering Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25.     Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation.

1/4253017.1

26.     Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation.

27.     Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28.     Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation.

## COUNT TWO
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
## 42 U.S.C. § 12182 (b)(2)(A)(ii)
### *(Practices, procedures, and policies denying equal benefits)*

## ADA Title III Prohibits Other Discrimination in Addition to Architectural Barriers

29.     Answering Paragraph 29 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 28 of this Answer as set forth above.

30.     Answering Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31.     Answering Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

1/4253017.1

32.    Answering Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33.    Answering Paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34.    Answering Paragraph 34 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

35.    Answering Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## **Defendant's Failed Practices and Lack of Policies Are Discriminatory**

36.    Answering Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37.    Answering Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

38.     Answering Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39.     Answering Paragraph 39 of the Complaint, Defendant denies each and every allegation.

40.     Answering Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41.     Answering Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42.     Answering Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43.     Answering Paragraph 43 of the Complaint, Defendant denies each and every allegation.

44.     Answering Paragraph 44 of the Complaint, Defendant denies each and every allegation.

45.     Answering Paragraph 45 of the Complaint, Defendant denies that it operates, lease and/or owns the facility located at 4889 Promenade Parkway, Bessemer, Alabama.  In addition, Defendant denies all remaining allegations.

46.     Answering Paragraph 46 of the Complaint, Defendant denies each and every allegation.

8

47.    Answering Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48.    Answering Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49.    Answering Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50.    Answering Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51.    Answering Paragraph 51 of the Complaint, Defendant denies each and every allegation.

52.    Answering Paragraph 52 of the Complaint, Defendant denies that it owns and/or operates the facility located at 4889 Promenade Parkway, Bessemer, Alabama.  As to all remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

53.    Answering Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.    Answering Paragraph 54 of the Complaint, Defendant denies each and every allegation.

1/4253017.1

55.     Answering Paragraph 55 of the Complaint, Defendant denies each and every allegation.

56.     Answering Paragraph 56 of the Complaint, Defendant denies each and every allegation.

## COUNT THREE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT,
### *Denial of Full and Equal Enjoyment*

57.     Answering Paragraph 57 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 56 of this Answer as set forth above.

58.     Answering Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59.     Answering Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60.     Answering Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61.     Answering Paragraph 61 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

62.     Answering Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

63.     Answering Paragraph 63 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

64.     Answering Paragraph 64 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

65.     Answering Paragraph 65 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

66.     Answering Paragraph 66 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

67.     Answering Paragraph 67 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

68.     Answering Paragraph 68 of the Complaint, Defendant denies each and every allegation.

69.     Answering Paragraph 69 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

70.     Answering Paragraph 70 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

71.     Answering Paragraph 71 of the Complaint, Defendant denies each and every allegation.

72.     Answering Paragraph 72 of the Complaint, Defendant denies each and every allegation.

73.     Answering Paragraph 73 of the Complaint, Defendant denies each and every allegation.

74.     Answering Paragraph 74 of the Complaint, Defendant denies each and every allegation.

75.     Answering Paragraph 75 of the Complaint, Defendant denies each and every allegation.

76.     Answering Paragraph 76 of the Complaint, Defendant denies each and every allegation.

## COUNT FOUR
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE III
## 42 U.S.C. § 12183(a)(1)
### *(Failure to design and construct facility for ADA compliance)*

77.     Answering Paragraph 77 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 76 of this Answer as set forth above.

78.     Answering Paragraph 78 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

79.     Answering Paragraph 79 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

80.     Answering Paragraph 80 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

1/4253017.1

81.   Answering Paragraph 81 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

82.   Answering Paragraph 82 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

83.   Answering Paragraph 83 of the Complaint, Defendant denies that it owns and/or operates the facility located at 4889 Promenade Parkway, Bessemer, Alabama.  As to all remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies them.

84.   Answering Paragraph 84 of the Complaint, Defendant denies each and every allegation.

85.   Answering Paragraph 85 of the Complaint, Defendant denies each and every allegation.

86.   Answering Paragraph 86 of the Complaint, Defendant denies each and every allegation.

87.   Answering Paragraph 87 of the Complaint, Defendant denies each and every allegation.

88.   Answering Paragraph 88 of the Complaint, Defendant denies each and every allegation.

Furthermore, Defendant alleges the following affirmative defenses with respect to all of Plaintiffs' claims and causes of action:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.      Plaintiffs lack standing to pursue their alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question. *Wilson v. Kayo Oil Company*, 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility."). Here, Plaintiffs lack standing to pursue their alleged claims because, among other things, Plaintiffs are not bona fide patrons, they raise claims not related to their disabilities," and/or they do not intend to return to the subject properties.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Plaintiffs' claims are barred to the extent that they are based on events that occurred more than two years prior to the date the complaint was filed.  Ala. Code § 6-2-38.  *See, e.g., Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) (Alabama's general statute of limitations for personal injury actions is two years, Ala. Code § 6-2-38).

## THIRD AFFIRMATIVE DEFENSE

### (Effective Access)

3.      The purported architectural barriers provide effective access to Plaintiffs.  Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiffs because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiffs were able to use and access the features.

## FIFTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

4.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full

16

compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## FIFTH AFFIRMATIVE DEFENSE

(Full Compliance Is Structurally Impracticable)

5.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant's to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

## SIXTH AFFIRMATIVE DEFENSE

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

6.      Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations" to the subject properties, including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible.

## SEVENTH AFFIRMATIVE DEFENSE

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary Function is Disproportionate to the Cost of the Overall Alteration)

1/4253017.1

7.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

## EIGHTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

8.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiffs' alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiffs overcome/deal with any of the barriers alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

9.      Plaintiffs' claims are barred under the doctrine of unclean hands because Plaintiffs are not bona fide customers, but plaintiffs who intentionally stage nuisance lawsuits to extort monetary settlements.

1/4253017.1

## TENTH AFFIRMATIVE DEFENSE

(Undue Burden)

10.    Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in an undue burden upon Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

(Estoppel)

11.    Plaintiffs are estopped by their conduct from recovering any relief under the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

(Waiver)

12.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Indispensable Party)

13.    Plaintiffs' alleged claims are barred, in whole or in part, because of their failure to name an indispensable party or parties.

1/4253017.1

## FOURTEENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

14.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services and/or goods.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

15.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Mootness)

16.     Plaintiffs' claims are barred under the doctrine of mootness.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Dimensional Tolerances)

17.     Plaintiffs' claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within "dimensional tolerances."

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

18.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

19.     Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has an opportunity to complete discovery.   Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

## TWENTIETH AFFIRMATIVE DEFENSE

(Not Readily Achievable)

20.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.     That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.     That Plaintiffs take nothing by way of their Complaint;

3.     That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.     For such further and other relief as the Court may deem just and proper.

April 13, 2017                              Respectfully Submitted,

                              /s/ *John W. Hargrove*
                              John W. Hargrove
                              Bradley Arant Boult Cummings, LLP
                              1819 5th Avenue North
                              Birmingham, AL  35203
                              Telephone:   (205) 521-8343
                              Facsimile:  (205) 488-6343
                              Email:  jhargrove@babc.com
                              Gregory F. Hurley, (Ca. ID No. 126791)
                              Pro Hac Vice
                              Michael J. Chilleen, (Ca. ID No. 210704)
                              Pro Hac Vice
                              Sheppard Mullin Richter & Hampton LLP
                              650 Town Center Drive, 4th Floor
                              Costa Mesa, California 92626-1993
                              Main: (714) 513-5100
                              ghurley@sheppardmullin.com
                              mchilleen@sheppardmullin.com

                              *Counsel for Defendant, Starbucks Corporation*

## DEMAND FOR JURY TRIAL

1/4253017.1

Defendant hereby demands a trial by jury.

April 13, 2017                                    Respectfully Submitted,

                                            /s/ *John W. Hargrove*
                                            John W. Hargrove
                                            Bradley Arant Boult Cummings, LLP
                                            1819 5th Avenue North
                                            Birmingham, AL  35203
                                            Telephone:   (205) 521-8343
                                            Facsimile:  (205) 488-6343
                                            Email:  jhargrove@babc.com

                                            *Counsel for Defendant, Starbucks Corporation*

                                            Gregory F. Hurley, (Ca. ID No. 126791)
                                            Pro Hac Vice
                                            Michael J. Chilleen, (Ca. ID No. 210704)
                                            Pro Hac Vice
                                            Sheppard Mullin Richter & Hampton LLP
                                            650 Town Center Drive, 4th Floor
                                            Costa Mesa, California 92626-1993
                                            Main: (714) 513-5100
                                            ghurley@sheppardmullin.com
                                            mchilleen@sheppardmullin.com

1/4253017.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2017, I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cassie E. Taylor, Esq.
L. Landis Sexton, Esq.
Tracy G. Birdsong, Esq.
The ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36116
Telephone: (334) 819-4030
Facsimile: (334) 819-4032
Email:      cet@ada-firm.com
            lls@ada-firm.com
            tgb@ada-firm.com

In addition, I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  None.


                              By:  /s/ *John W. Hargrove*
                                   John W. Hargrove, Esq.

1/4253017.1